J-A27042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY GILBEY STRUB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ADRIANNE BERNICE WESOL, | : | No. 2904 EDA 2024 |
| EXECUTRIX, ESTATE OF BRIAN J. | : | |
| WESOL, JOHN REGAN | : | |

Appeal from the Order Entered October 28, 2024
In the Court of Common Pleas of Pike County Civil Division at No(s):
2019-00137

| | | |
|---|---|---|
| MARY GILBEY STRUB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ADRIANNE BERNICE WESOL, | : | |
| EXECUTRIX, ESTATE OF BRIAN J. | : | |
| WESOL, JOHN REGAN | : | No. 3022 EDA 2024 |
| | : | |
| | : | |
| APPEAL OF:ADRIANNE BERNICE | : | |
| WESOL, AS EXECUTRIX OF THE | : | |
| ESTATE OF BRIAN J. WESOL | : | |

Appeal from the Order Entered October 28, 2024
In the Court of Common Pleas of Pike County Civil Division at No(s):
2019-00137

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED APRIL 23, 2026**

I agree with the Majority that Mary Gilbey Strub's ("Strub") handwritten additions to the agreement of sale of real estate ("Agreement") between her and Adrianne Bernice Wesol ("Wesol") constituted a counteroffer that Wesol accepted, and that Wesol breached the Agreement by failing to complete certain promised repairs of the home before the scheduled closing date. I further agree that the trial court properly exercised its discretion in denying as untimely Strub's pre-trial motion to inspect the house. However, I disagree with the Majority's conclusion that the court erred in *sua sponte* electing Strub's remedy as rescission. My review of the record confirms that it was Strub who elected rescission, and she was thus entitled only to restitution, not expectation damages. Accordingly, the return of her deposit and the surveying and inspection fees were proper, but I would also find that Strub should recover the fee she paid to auctioneer John Regan ("Regan"). Along those same lines, I conclude that any award for expectation damages would be inconsistent with restitution, and thus there is no reason to remand for a hearing. I therefore respectfully submit this concurring and dissenting memorandum.

The Majority outlines the history of this matter accurately. I restate only the following facts that are relevant to my analysis. At the auction of the home of Wesol's deceased brother, Regan announced that repairs for, *inter alia*, fire and water damage would be complete before closing. The representations made by Regan were stated in Wesol's presence, and she did

not object. Regan also explained that he would be paid by the winning bidder at a rate of 5% of the winning bid for his services. Strub won the bid at $700,000. After the walk-through, Wesol left town to return to her home and Regan presented Strub with the Agreement, which had already been signed by Wesol and did not include all the representations made by Regan at the auction. Strub therefore handwrote those promises and executed that version of the Agreement. She also signed a check for the agreed-upon deposit of $25,000, and paid Regan $35,000, or 5% of the winning bid. Upon receipt, Wesol did not object to Strub's hand-written additions to the Agreement and retained the deposit. Wesol also permitted Strub to inspect and survey the home prior to closing.

At the time set for closing, the promised repairs had not been made. Instead of proceeding with the closing, Strub filed a complaint, and although she did not state so verbatim, she alleged breach of contract for Wesol's failure to complete the repairs. She sought two forms of relief for Wesol's breach as follows:

**COUNT I**

**SPECIFIC PERFORMANCE**

. . . .

32. As a result of [Wesol] having failed to perform the duties and obligations to effectuate repairs and/or replacements as aforesaid, [Strub] will be obligated to undertake and perform the aforesaid repairs and/or replacements at a cost estimated to be $100,000.00.

WHEREFORE, [Strub] prays your honorable court to order, adjudicate and decree as follows:

a. That [Regan] be declared to be the agent of [Wesol] in the sale of the property;

b. That [Wesol] be ordered and directed to specifically perform the [Agreement] and to sell and convey the property to [Strub] upon tender by [Strub] to [Wesol] of the purchase price;

c. That [Strub] be permitted to deduct from the purchase price to be tendered to [Wesol] the costs and expenses [Strub] will incur to undertake and perform the aforesaid repairs, and remediations and/or replacements which [Wesol] has failed to undertake and perform;

d. That [Wesol] be enjoined from selling, transferring or conveying the property or any interest therein to anyone other than [Strub], or from imposing or allowing any lien to accrue thereon;

e. Such other and further relief as your honorable court shall deem just and metes under the circumstances.

## COUNT II

## RESCISSION

. . . .

34. In the alternative, [Wesol], by her failures and refusals to perform material elements of the Agreement of the parties as aforesaid, is in default of her duties, obligations, undertakings and agreement with [Strub].

35. The aforesaid failures and refusals by [Wesol] of the aforesaid material elements of the Agreement of the parties are sufficient to give rise to rescission of the parties' Agreement.

36. [Strub] has suffered damages and losses as a result of [Wesol]'s defaults, including but not limited to:

a. Payment of deposit            $25,000.00

| | |
|---|---|
| b. Payment of auctioneer's fee | 35,000.00 |
| c. Engineering fees incurred | 6,750.00 |
| d. Inspection fees | 2,800.00 |
| e. Legal fees for subdividing | 1,500.00 |
| f. Loss of rental income | 56,000.00 |
| g. Mortgage application/appraisal fees | 489.00 |

Total $127,539.00

WHEREFORE, [Strub] prays your honorable court to order, adjudicate and decree as follows:

a. The [Agreement] be rescinded;

b. [Wesol] pay to [Strub] the sum of $127,539.00;

c. Judgment be entered in favor of [Strub] and against [Wesol] in the amount of $127,539.00, together with interest thereon and the costs and disbursements of this action;

d. Such other and further relief as your honorable court shall deem just and metes under the circumstances.

Complaint, 3/13/19 (some capitalization altered).

One month before the bench trial was set to begin, Strub filed a motion to enter and inspect the home. After oral argument, since Strub had more than three years to examine the condition of the house between filing the complaint and the scheduled trial, the court denied the motion and the matter proceeded to trial. At the conclusion, Strub and Wesol both submitted post-trial briefs. Relevantly, Strub altered her request for relief, explaining that she was no longer

- 5 -

seeking specific performance as Wesol has sought to have Strub buy the proverbial 'pig-in-a-poke' by refusing to allow her to inspect the property to determine whether the repairs were performed, and if so, if they were performed properly as promised by Wesol and Regan. As a result, Strub is compelled to seek damages as her remedy.

Post-Trial Brief, 12/5/23, at 18-19. Strub also asserted that she was alternatively entitled to rescission and restitution. *Id*. at 45. She averred that "the restitution sought here is considered special damages which are . . . her direct damages, the lost rent, and the benefit of the bargain damages." *Id*. at 45-46. She further declared that she had not yet made an election as to her desired remedy and was continuing to present alternative theories of recovery. *Id*. at 47, n.10.

The court issued an order finding that Strub's handwritten additions to the contract constituted a counteroffer, Wesol had agreed to those terms, and Wesol breached the agreement by failing to make promised repairs. As to the appropriate remedy, the court stated that "[i]t is clear that Strub has indicated a relinquishment of [specific performance] as acknowledged in her post-trial brief and the lack of evidence presented at trial to substantiate a claim for specific performance." Order, 6/6/24, at 7 (pagination provided). Accordingly, the court dismissed Strub's claim seeking specific performance and proceeded to Count II of the complaint, which requested rescission.

Based on Wesol's breach, the court concluded that Strub was entitled to rescission and proceeded to analyze what "monetary damages" were appropriate. *Id*. at 10. It awarded the deposit and surveying and inspection

fees, all of which had been included in Strub's count for rescission. The court proceeded to consider the remainder of the costs Strub claimed she was entitled to, including "anticipated rental income, loss of benefit of the bargain, loss of income value and other special damages[.]" *Id*. at 10. Since the court determined that Strub's proof was speculative, it declined to award them. It further concluded that Strub was not entitled to Regan's $35,000 fee from Wesol because "Regan performed his required auctioneer duties and is entitled to retain his earned fee" and Strub had agreed to pay him by presenting the winning bid. *Id*. at 11.

Strub's post-trial motion for relief followed. Therein, she requested a new trial "based on [an] error that precluded an informed election of remedies by [Strub]." Post-Trial Motion, 6/26/24, at II. Specifically, she maintained that the court's denial of her pre-trial motion to inspect the property was an abuse of discretion and caused her "to waive her preferred remedy of specific performance and to seek instead an award of money damages." *Id*. at ¶ 23. She alternatively sought a modification of the court's "damages award." *Id*. at III. Strub asserted that in addition to what the court had awarded, she was entitled to the auctioneer fee, loss of rental income, market value over the bid price, increased market and development value, and prejudgment interest. Notably, Strub neglected to challenge the court's decision to rescind the contract, and she failed to object to the election of rescission as her remedy. *See generally id*.

The court granted Strub's motion in part, awarding her prejudgment interest, but denied the remainder of her desired relief. Strub praeciped to enter judgment of the sum of her deposit and surveying and inspection fees, with interest, which was granted. These cross-appeals followed. Strub, in her Pa.R.A.P. 1925(b) statement, raised the same matters included in her post-trial motion. In her brief in this Court, she presents for the first time her claim that she "timely elected damages as her remedy." **See** Strub's brief at 4.

The Majority accurately recites the legal tenets that govern our review. I reiterate the few that are pertinent to my conclusion. "Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law." **Spolar v. Spolar Fam. Tr.**, 326 A.3d 995, 1001 (Pa.Super. 2024) (cleaned up). Additionally, "where the issue concerns a question of law, our scope of review is plenary" and we are not bound by the court's legal conclusions. **Id**. (cleaned up).

We have explained that "the doctrine of election of remedies prohibits a party from seeking inconsistent relief; a party alleging [s]he has been defrauded in a contract must choose whether to seek rescission of the contract or to seek damages under the contract." **Umbelina v. Adams**, 34 A.3d 151, 157 (Pa.Super. 2011) (cleaned up). Our High Court has recognized "both procedural and substantive applications of the doctrine." **Gamesa Energy**

***USA, LLC v. Ten Penn Ctr. Associates, L.P.***, 217 A.3d 1227, 1238 (Pa. 2019).

A party may pursue contradictory remedies until a binding election is made, which "occurs when there has been a legal resolution, such as a settlement, a stipulation, a waiver, an expressed withdrawal or abandonment of claims, a judgment, or application of another exclusionary rule, and in such circumstances, the electing party may no longer pursue alternative forms of relief on a given claim." ***Id***. at 1239. Procedurally, "once a party makes a binding election of one remedy over other inconsistent remedies, [she] is precluded from thereafter maintaining an action on those inconsistent remedies[.]" ***Id***. at 1238-39.

Substantively, "the election of remedies doctrine operates to bar windfall judgments or otherwise duplicative recoveries resulting from a single injury; although such inconsistent remedies may be pleaded and pursued in litigation, damages calculated pursuant to only one theory may be recovered." ***Id***. at 1239. In that vein, "within the context of contract law, the victim of a material breach must elect either to rescind the contract and recover restitution of what has been paid, or, to continue the contract, treat the breach as partial, and seek recovery of its damages for the breach." ***Id***.

With respect to remedies, specific performance is an equitable remedy and "is available only when damages at law would be insufficient due to the special nature of the subject matter, or when damages are impractical when

it is impossible to arrive at a measure of damages with any sufficient degree of certainty." *Maisano v. Avery*, 204 A.3d 515, 522 (Pa.Super. 2019). Rescission is likewise an equitable remedy but essentially annuls a contract and "should be granted only where the parties to a contract can be placed in their former positions with regard to the subject matter of the contract." *Umbelina*, 34 A.3d at 157 (cleaned up).

Conversely, damages are a legal remedy and "are intended to place the non-breaching party nearly as possible in the same position it would have occupied had there been no breach." *Vinculum, Inc. v. Goli Techs., LLC*, 310 A.3d 231, 249 (Pa. 2024) (cleaned up). Our High Court has explained:

> Where one party to a contract without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provides otherwise, whatever damages it suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty.

*Id*. at 250 (cleaned up).

As mentioned, a court may not award damages when rescinding a contract because they are contradictory. *See Roberts v. Est. of Barbagallo*, 531 A.2d 1125, 1132-33 (Pa.Super. 1987) ("The remedies are inconsistent because the one is based on the abrogation of the sale and the other is based on the continued existence of the sale."). Rather, when a court grants rescission it is "also empowered to grant the plaintiffs restitution of appropriate losses incurred. Restitution, unlike damages, is a remedy not

inconsistent with rescission" and is meant to restore the parties' status quo. **Umbelina**, 34 A.3d at 161 (cleaned up). Accordingly, "restitution often goes with rescission, and should not be characterized as damages[.]" **Baker v. Cambridge Chase, Inc.**, 725 A.2d 757, 766 (Pa.Super. 1999).

With these precepts in mind, I turn to Strub's contention that the court "for the first time" in its Rule 1925(a) opinion averred that Strub elected rescission over damages. **See** Strub's brief at 31. She claims that she "did not request re[s]cission" in her post-trial brief. **Id**. Rather, she asserts that she "made a clear and unmistakable election to seek damages." **Id**. at 32. As proof that she preserved her claim of her election of damages, Strub points to her complaint, the presentation of damages at trial, her post-trial brief, and her motion for post-trial relief. **Id**. at 17-18.

The Majority credits Strub's assertions and concludes that because Strub listed "damages" in her complaint under the rescission count of her filing, included damages in her post-trial brief and post-trial motion, and presented evidence related to damages at trial, the trial court erred in *sua sponte* electing rescission as Strub's remedy. **See** Majority Memorandum at 30.

My review of the record belies Strub's representations, and I therefore conclude that the court did not on its own volition elect rescission as Strub's remedy. Indeed, Strub continually sought rescission and restitution as the alternative remedy to specific performance throughout this case. Although Strub inartfully and improperly included any and all "damages" as part of the

- 11 -

monetary award for rescission, that was inconsistent with the remedy of rescission and restitution. Contrary to her assertion, Strub included rescission as an alternative remedy in her post-trial brief, after she declared that she abandoned specific performance, and averred that she had not yet elected her desired remedy. *See* Post-Trial Brief, 12/5/23, at 18-19, 47 n.10.

Moreover, the critical inquiry is not whether Strub pled and presented evidence of damages, but whether she elected that remedy over rescission. In its post-trial order, the court clearly stated that Strub had abandoned specific performance, dismissed that count of the complaint, and proceeded to award her alternative request for rescission. *See* Order, 6/6/24, at 7, 10. Strub's post-trial motion failed to challenge the court's award of the equitable remedy of rescission. Instead of objecting, Strub merely sought reconsideration of her pre-trial motion to enter and inspect the property, despite the court rescinding the Agreement, or alternatively the other "damages" she had pled in connection with her rescission count that the court had refused to award.

The Majority fails to pinpoint when, where, or how Strub elected damages as her remedy, or, more precisely, where she objected to the court's award of rescission based upon her abandonment of her alternative claim. In my view, by explicitly relinquishing Count I of her complaint for specific performance, and failing to object to the court's award of Count II for rescission, Strub elected rescission. This conclusion is further bolstered by

Strub's praecipe to enter judgment of the court's award. **See Gamesa Energy**, 217 A.3d at 1239 (stating that a binding election of remedies occurs upon an entered judgment). I therefore disagree with my learned colleagues that the court erred in purportedly *sua sponte* electing Strub's remedy.

The improper and interchangeable use of "damages" and "restitution" by Strub and the trial court does not alter my conclusion. **See Baker**, 725 A.2d at 766 (stating that "restitution often goes with rescission, and should not be characterized as damages"). Although the court erroneously mischaracterized in its post-trial order what "damages" Strub was entitled to after it rescinded the contract, the court subsequently corrected itself in its Rule 1925(a) opinion and stated that:

> Strub sought the remedy of rescission of the [Agreement]. In electing to disavow the real estate contract, Strub's remedies were limited to those which would place the parties back in their respective position before the contract was entered. . . . As such[,] Strub's claims for compensatory damages were also precluded due to her choice of remedy, *i.e.*, rescission.

Trial Court Opinion, 12/21/25, at 9 (cleaned up). It explained that the "award of the $25,000 deposit to Strub certainly returns the parties to their pre-contract status," and that the surveying and inspection fees "were incurred in the pre-closing process." **Id**. at 16.

Despite the trial court's election to use the improper terminology Strub stated in her complaint, its award was consistent with the appropriate remedy of restitution as the counterpart for rescission. The reimbursement of the inspection and survey fees, as well as return of the deposit, restored the

parties' status quo. ***See Umbelina***, 34 A.3d at 157. ***See also Schoenholtz v. Half Moon Land Co., LLC***, 245 A.3d 1114, 2020 WL 7786930, at \*7 (Pa.Super. 2020) (non-precedential decision) (interpreting a court's award of the plaintiff's deposit, with interest, as "attempting to return the parties to their status quo by applying the equitable remedy of restitution"). To me, the remainder of this appeal should therefore focus upon whether Strub's request for additional monetary awards could be granted consistent with rescission and restitution.

As to Regan's auctioneer fee, I would find that Strub is entitled to this cost as restitution. Pursuant to the terms as announced at the auction, the fee was contingent upon the winning bid. Since the contract for the sale of the home has been rescinded, Strub no longer had the successful bid. Strub never received the house she bid for, and it remains with Wesol due to her breach. Recouping the amount of auctioneer Regan's fee from Wesol would place Strub back to her pre-deal position and is thus consistent with rescission and restitution. ***See Umbelina***, 34 A.3d at 161 ("[C]ourts may grant restitutionary damages to prevent unjust enrichment by requiring a party to disgorge the benefit he has received by returning it to the party who conferred it." (cleaned up)).

The remainder of Strub's requested awards, including loss of rental income, subdivision fees, and increased property value, are related to expectation, reliance, and benefit-of-the-bargain damages. As an award of

these damages would provide a windfall to Strub, they are inconsistent with restitution. **See Gamesa Energy**, 217 A.3d 1239. Since Strub is not entitled to damages in light of the rescission of the Agreement, I would not remand for a trial on damages, and insofar as these awards could be considered restitution, they are not, so I would hold that the trial court properly denied them.

In sum, I concur with the Majority that Strub's handwritten additions to the Agreement constituted a counteroffer, Wesol agreed to it, and Wesol breached the Agreement by failing to perform certain repairs prior to closing. I cannot join my esteemed colleagues in holding that the court erred in *sua sponte* electing Strub's remedy as rescission because the certified record bears out that Strub made her own election. In accordance with that determination, Strub should be awarded the deposit, along with the fees for the auctioneer, survey, and inspection, from Wesol as restitution for her breach. Any other award would constitute damages, which would be impermissible given the rescission of the contract. Therefore, I would affirm the order denying the post-trial motion, affirm the judgment in part and vacate in part, and remand for the entry of a judgment to include the auctioneer's fee.